1  **GARY J. NELSON, CA Bar No. 184651**
   gary.nelson@cph.com
2  **G. WARREN BLEEKER, CA Bar No. 210834**
   warren.bleeker@cph.com
3  **CHRISTIE, PARKER & HALE, LLP**
   **655 N. Central Avenue, Suite 2300**
4  **Glendale, California 91209-9001**
   **Telephone: (626) 795-9900**
5  **Facsimile: (626) 577-8800**

6  Attorneys for Plaintiffs,
   IQAIR NORTH AMERICA, INC. and
7  ICLEEN ENTWICKLUNGS- UND
   VERTRIEBSANSTALT FÜR
8  UMWELTPRODUKTE

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11

12 | IQAIR NORTH AMERICA, INC.,        Case No.   2:14-CV-7684
   | a California corporation, and
13 | ICLEEN ENTWICKLUNGS-              **COMPLAINT FOR:**
   | UND VERTRIEBSANSTALT
14 | FÜR UMWELTPRODUKTE, a              **(1)  TRADEMARK INFRINGEMENT,**
   | Liechtenstein corporation              **15 U.S.C. § 1114(1)**
15 |                                    **(2)  TRADEMARK INFRINGEMENT**
   |            Plaintiffs,                  **OF AN UNREGISTERED MARK,**
16 |                                        **15 U.S.C. § 1125(a);**
   |        vs.                          **(3)  TRADEMARK INFRINGEMENT,**
17 |                                        **CAL. BUS. & PROF. CODE §**
   | ROOME TECHNOLOGIES, INC.,               **14320;**
18 | a New York corporation,            **(4)  FALSE DESIGNATION OF**
   |                                        **ORIGIN, 15 U.S.C. § 1125(a);**
19 |            Defendant.               **(5)  FALSE ADVERTISING, 15 U.S.C.**
   |                                        **§ 1125(a);**
20 |                                    **(6)  FALSE ADVERTISING, CAL.**
   |                                        **BUS. & PROF. CODE § 17500** *ET*
21 |                                        ***SEQ.***
   |                                    **(7)  UNFAIR COMPETITION, CAL.**
22 |                                        **BUS. & PROF. CODE § 17200** *ET*
   |                                        ***SEQ.***;
23 |                                    **(8)  UNFAIR COMPETITION**
   |                                        **UNDER CALIFORNIA**
24 |                                        **COMMON LAW**
   |                                    **(9)  TRADE DRESS INFRINGEMENT**
25 |
   |                                    **DEMAND FOR JURY TRIAL**
26

27

28

CHRISTIE, PARKER & HALE, LLP

For its Complaint against Defendant Roome Technologies, Inc. ("Defendant" or "Roome"), Plaintiffs IQAir North America, Inc. ("IQAir North America") and Icleen Entwicklungs- und Vertriebsanstalt für Umweltprodukte, a Liechtenstein corporation, ("Icleen") (collectively "Plaintiffs" or "IQAir") alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for trademark infringement in violation of 15 U.S.C. Sections 1114(1) & 1125(a) and Cal. Bus. & Prof. Code Section 14320, false designation of origin and false advertising in violation of 15 U.S.C. Section 1125(a) and Cal. Bus. & Prof. Code Sections 17500 *et seq.*, unfair competition under Cal. Bus. & Prof. Code Sections 17200 *et seq.* and the common law of California, and trade dress infringement in violation of 15 U.S.C. Section 1125(a). This Court has subject matter jurisdiction pursuant to at least 15 U.S.C. Section 1121(a), 28 U.S.C. Section 1338(a), (b) and 27 U.S.C. Section 1367.

2.     This Court has personal jurisdiction over Defendant because Defendant has conducted systematic and continuous business within California and because it has directed its unlawful business activities towards California and has caused injury to a California resident within California.

3.     Venue is proper under at least 28 U.S.C. Section 1391(b)(2) and/or (b)(3).

## PARTIES

4.     IQAir North America is a company organized under the laws of California and its principal place of business is located in La Mirada, California. IQAir North America is part of the IQAir family of companies.

5.     Icleen is a Liechtenstein corporation located in Schaan, Liechtenstein and is also part of the IQAir family of companies.

CHRISTIE, PARKER & HALE, LLP

6.     Upon information and belief, Defendant Roome is a company organized under the laws of New York and is located at 4796 Honeoye Business Park, Honeoye, New York, 14471.

## FACTUAL BACKGROUND

7.     IQAir specializes in technology including without limitation air purifying units and air filters for commercial, residential, and medical applications that help protect people from airborne pollutants.  IQAir implements this technology in residential, commercial and public buildings throughout the United States, including in this District, and internationally.

8.     IQAir's manufacturing and production facility is located in Switzerland.  By using very high quality components, a dedicated team of skilled craftsmen and women, and state-of-the-art manufacturing processes, IQAir is able to build very high quality air purifying products which are sold in the United States, including in this District.

9.     IQAir is a family company created by the Hammes family with roots going back to 1963 when Manfred Hammes and his brother Klaus Hammes, a mechanical engineer, introduced a simple filter system for residential users in Germany.   The company was later relocated to Switzerland.

10.     By the Spring of 1998, the first IQAir system, the HealthPro® Plus was manufactured at the Swiss manufacturing facility.  At least as early as 2000, IQAir purifiers became available in the United States.

11.     IQAir's products have received numerous awards and acclaim in the industry.  In 2002, IQAir became the first room air cleaner to receive a H12/13 certification for its HyperHEPA® filters, normally primarily available in multi-million dollar cleanroom filtration systems.

12.     In addition, Consumers Digest Magazine has repeatedly named the IQAir HealthPro® Plus as the "Best Buy" for home air purifiers in the Premium category.

CHRISTIE, PARKER & HALE, LLP

13.   Icleen is the owner by assignment of United States Trademark Registration No. 2,434,741 for the mark HYPERHEPA for use in connection with air purifying units and air filters for domestic, commercial, and medical applications; air filters for air conditioning units in International Class 11.  This registration issued on March 13, 2001 and is incontestable.  This registration is valid and existing on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A copy of the registration is attached as Exhibit A.

14.   Icleen is the owner by assignment of United States Trademark Registration No. 2,481,422 for the mark HEALTHPRO for use in connection with air purifying units and air filters for domestic, commercial, and medical applications; air filters for air conditioning units in International Class 11.  This registration issued on August 28, 2001 and is incontestable.  This registration is valid and existing on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A copy of the registration is attached as Exhibit B.

15.   Icleen is the owner by assignment of United States Trademark Registration No. 3,343,313 for the mark IQAIR for use at least in connection with air purifying units and air filters for commercial, domestic, and medical applications in International Class 11.  This registration issued on November 27, 2007 and is incontestable.  This registration is valid and existing on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A copy of the registration is attached as Exhibit C.

16.   IQAir has been careful, skillful and diligent in the conduct of its business and has maintained uniform standards of high quality in its goods. As a result of these efforts, the trademarks HYPERHEPA®, HEALTHPRO®, and IQAIR® have acquired a public acceptance and reputation, thereby creating public goodwill that inures to IQAir's benefit.

CHRISTIE, PARKER & HALE, LLP

17.    IQAir is the owner of the unregistered mark PREMAX used in conjunction with the marketing, promotion and sale of its air purifying units and air filters in the United States for many years.

18.    IQAir is the owner of the unregistered mark V5-CELL used in conjunction with the marketing, promotion and sale of its air purifying units and air filters in the United States for many years.

19.    IQAir North America is a licensee of IQAir's trademarks HYPERHEPA, HEALTHPRO, IQAIR, PREMAX and V5-CELL (collectively "the IQAir Marks" or "IQAir's Marks") for use in the United States.  IQAir North America has been selling air purifying units, air filters and replacement filters in the United States in connection with the IQAir Marks for many years.  Over that time, IQAir North America has sold millions of dollars worth of these products. IQAir North America has extensively promoted its air purifying units and filters nationwide through advertisements, packaging, on its Internet web site and in social media.

20.    Upon information and belief, notwithstanding and with full knowledge of IQAir's business and IQAir's rights in these trademarks, Defendant has conducted business and has advertised, offered for sale and sold, in this District and elsewhere, low quality replacement air filters using IQAir's Marks. Defendant has and is offering for sale nationwide, in this District and elsewhere in the United States, replacement air filters that are visually similar yet lower quality and directly competitive with the IQAir air filters.

21.    Defendant's use of marks identical to IQAir's Marks has been and is without the consent or authorization of IQAir.

22.    Defendant publicly offers or purports to offer replacement air filters using the IQAir Marks.  For example, Defendant controls and operates an interactive website, www.hepaairdirect.com, in which customers from the United States, including customers located in California, can directly purchase the

-5-

infringing replacement air filters from Defendant.  On information and belief, IQAir alleges that the manufacturer of any such products offered for sale by Defendant was not, at the time of their manufacture, authorized to use these marks or any other of IQAir's marks for the type of goods so manufactured.

23.   Upon information and belief, Defendant deceives consumers into believing they are purchasing original IQAir replacement filters when in fact consumers are actually purchasing lower quality replacement filters sourced by Defendant, but sold under the IQAir Marks that are placed on the Defendant's own product.

24.   By way of example, Defendant's use of the IQAir Marks on its website such as "Replacement HEPA Filter for IQAir HyperHEPA (Type 12/13)" falsely suggests that the replacement filters offered for sale on Defendant's website are actual IQAir replacement filters, which they are not.

25.   Defendant falsely represents that the HEPA filters are "Direct From The Manufacturer," suggesting the replacement filters are sourced by IQAir, when in fact they are not.

26.   In addition, Defendant marks its infringing products using IQAir Marks in very large font, using the same stylized text as IQAir uses to further create the false impression that the source of the replacement filter is IQAir.

27.   Defendant also makes false statements in connection with its offers for sale and sales of the infringing replacement filters.  For example, Defendant has stated on its website with respect to a replacement filter for the IQAir HyperHEPA, "*[w]e have improved the best.  The absolute finest HEPA filter available for your IQAir room air purifier.*" (emphasis added).  This statement is demonstrably false and misleading.  It suggests a connection with IQAir when in fact none exists.  It suggests that Defendant's products emanate from IQAir when in fact they do not.  It suggests that IQAir endorses and/or sponsors Defendant's

CHRISTIE, PARKER & HALE, LLP

products when in fact they do not.   It suggests that Defendant's products outperform genuine IQAir filters when in fact they do not.

28.   Defendant has also made the false statement in connection with its offer for sale and sale of a replacement filter for the IQAir HealthPro Series that ***"[t]his filter is designed to outperform the HEPA filter that came with your machine."*** (emphasis added). This statement is demonstrably false and misleading.

29.   Defendant falsely represents that its replacement filter leads to a "higher air flow" and "improved airflow."   These statements are demonstrably false and misleading.

30.   Defendant also attempts to confuse and trick customers into browsing Defendant's hepaairdirect.com website through the unauthorized use of at least the IQAIR mark on sponsored ads on the Internet.   Upon information and belief, Defendant has used in commerce and is currently using in commerce at least the IQAIR mark in connection with its offer or sale and sale of its filter products, including the unauthorized use of at least the IQAIR mark, highlighted in the headings and text of sponsored ads on the Internet.   Upon information and belief, customers searching for genuine IQAIR products including replacement filters on Internet search engines such as Google or Bing, are confused by the prominent display of sponsored ads by Defendant, where the ads themselves include at least the IQAIR mark prominently placed in the heading and text of the sponsored ads.   This unauthorized and unlawful use of the IQAIR mark creates a likelihood of confusion for customers or potential customers who are searching the Internet for genuine IQAir products and are instead directed to Defendant's website as a result of Defendant's unauthorized use of at least the IQAIR mark in sponsored ads, and where Defendant's website does not sell genuine IQAir products.

CHRISTIE, PARKER & HALE, LLP

31. Defendant, moreover, infringes IQAir's trade dress. IQAir's V5-Cell air filter for its HealthPro Plus air purification unit features a particular visual appearance and product shape, including without limitation the overall shape, appearance and color of the V5-Cell air filter, the shape, appearance and color of the top portion, bottom portion and side portions of the V5-Cell air filter (collectively, the "V5-Cell Visual Appearance").

32. The V5-Cell Visual Appearance is nonfunctional and distinctive.

33. The V5-Cell Visual Appearance has acquired secondary meaning.

34. IQAir is informed and believes, and thereon alleges that members of the consuming public associate air filters featuring the V5-Cell Visual Appearance with products from IQAir.

35. Defendant has marketed, advertised, distributed, and sold, and continue to market, advertise, distribute, and sell air filters that have a visual appearance and product shape confusing similar to, and indistinguishable from, the V5-Cell Visual Appearance.

36. IQAir's sale of products featuring the V5-Cell Visual Appearance predates Defendant's sale of the infringing V5-Cell air filters.

## FIRST CLAIM FOR RELIEF

**Infringement of Federally Registered Trademarks Asserted**

**By Icleen Against Defendant**

37. Icleen hereby repeats and realleges paragraphs 7 through 36 of its Complaint.

38. Icleen's registered marks HYPERHEPA®, HEALTHPRO®, and IQAIR® are inherently distinctive, as evidenced by the registrations, respectively, on the Principal Register of the USPTO.

39. Defendant's use of these identical marks in this District and elsewhere, in connection with the sale of replacement filters, is likely to cause

CHRISTIE, PARKER & HALE, LLP

confusion that Defendant's goods and services emanate from or are sponsored or authorized by Icleen.

40.    On information and belief, Defendant adopted and continues to use Icleen's registered marks HYPERHEPA®, HEALTHPRO®, and IQAIR® with complete disregard of Icleen's rights and with the intent to trade on the goodwill that Icleen and IQAir have created.

41.    The above-described acts of Defendant constitutes infringement of a registered trademark in violation of 15 U.S.C. Section 1114(1), in that Defendant has used in connection with its goods trademarks which are likely to cause confusion or mistake or to deceive the public that Defendant's goods or services are authorized, sponsored by, or affiliated with Icleen, and Defendant has caused such goods to enter into commerce which may be regulated by Congress.

42.    Icleen has been damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that prospective purchasers and purchasers of Defendant's goods will be confused as to the source, sponsorship, or affiliation of Defendant's goods.

43.    Defendant has unfairly profited from the acts alleged in this Complaint and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

44.    By reason of Defendant's acts alleged herein, Icleen has suffered damage to its business goodwill.

45.    By reason of Defendant's acts alleged herein, Icleen has suffered and will suffer irreparable harm in the future unless and until Defendant's conduct is permanently enjoined.

46.    Defendant's acts alleged herein were willful and taken in conscious disregard of Icleen's rights.

47.    This is an exceptional case and Icleen is entitled to an award of its attorneys' fees and costs.

CHRISTIE, PARKER & HALE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CLAIM FOR RELIEF**

**Infringement of an Unregistered Trademark Asserted**

**By Plaintiffs Against Defendant**

48.    IQAir hereby repeats and realleges paragraphs 7 through 47 of its Complaint.

49.    IQAir's unregistered trademarks PREMAX and V5-CELL are each inherently distinctive and have each acquired distinctiveness as a result of their respective use by IQAir.

50.    Defendant's use of IQAir's trademarks PREMAX and V5-CELL is likely to cause confusion that Defendant's goods are sponsored or authorized by or affiliated with IQAir.

51.    The above-described acts of Defendant constitutes infringement of unregistered trademarks and also false designation of origin in violation of 15 U.S.C. Section 1125(a), in that Defendant has used in connection with their goods trademarks which are likely to cause confusion or mistake or to deceive the public that Defendant's goods are authorized, sponsored by, or affiliated with IQAir, and Defendant has caused such goods to enter into commerce which may be regulated by Congress.

52.    IQAir has been damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that prospective purchasers and purchasers of Defendant's goods will be confused as to the source, sponsorship, or affiliation of Defendant's goods.

53.    Defendant has unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

54.    By reason of Defendant's acts alleged herein, IQAir has suffered damage to its business goodwill.

55.     By reason of Defendant's acts alleged herein, IQAir has suffered and will suffer irreparable harm in the future unless and until Defendant's conduct is permanently enjoined.

56.     Defendant's acts alleged herein were willful and taken in conscious disregard of IQAir's rights.

57.     This is an exceptional case and IQAir is entitled to an award of its attorneys' fees, costs and any other recoverable expenses.

### THIRD CLAIM FOR RELIEF

**State Trademark Infringement Asserted By Icleen Against Defendant**

58.     Icleen hereby repeats and realleges paragraphs 7 through 57 of the Complaint.  The Court has jurisdiction over this Claim pursuant to 28 U.S.C. Section 1367.

59.     Defendant has used in commerce marks identical or confusingly similar to the IQAir Marks in connection with its business.

60.     Defendant's use of marks identical to the IQAir Marks in connection with Defendant's inferior replacement filter products is likely to cause confusion or mistake or to deceive as to the source of origin of those products.

61.     The above-described acts of Defendant constitutes trademark infringement in violation of Cal. Bus. & Prof. Code Section 14320.

62.     Icleen has been damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that prospective purchasers and purchasers of Defendant's goods will be confused as to the source, sponsorship, or affiliation of Defendant's goods.

63.     Defendant has unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

64.     By reason of Defendant's acts alleged herein, Icleen has suffered damage to its business goodwill.

CHRISTIE, PARKER & HALE, LLP

65.     By reason of Defendant's acts alleged herein, Icleen has suffered and will suffer irreparable harm in the future unless and until Defendant's conduct is permanently enjoined.

66.     Defendant's acts alleged herein were willful and taken in conscious disregard of Icleen's rights.

### FOURTH CLAIM FOR RELIEF

**False Designation of Origin, 15 U.S.C. § 1125(a) Asserted**

**By Plaintiffs Against Defendant**

67.     IQAir hereby repeats and realleges paragraphs 7 through 66 of the Complaint.

68.     Defendant has used in interstate commerce marks identical to the IQAir Marks on replacement filters which are visually similar from IQAir's replacement filters to falsely identify the origin of Defendant's products.

69.     The above-described acts of Defendant constitutes false designation of origin under 15 U.S.C. § 1125(a).

70.     Defendant's false designation is likely to cause confusion, mistake and deception as to the origin, sponsorship, or approval of Defendant's goods or services.

71.     Defendant's false designation in connection with its products is likely to cause confusion or mistake or to deceive as to the source of origin of those products.

72.     IQAir has been damaged and is likely to be damaged in the future by Defendant's false designation of origin in that prospective purchasers and purchasers of Defendant's goods will be confused as to the source, sponsorship, or affiliation of Defendant's goods.

73.     Defendant has unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

CHRISTIE, PARKER & HALE, LLP

74.     By reason of Defendant's acts alleged herein, IQAir has suffered damages including damages to its business goodwill.

75.     By reason of Defendant's acts alleged herein, IQAir has suffered and will suffer irreparable harm in the future unless and until Defendant's conduct is permanently enjoined.

76.     This is an exceptional case and IQAir is entitled to an award of its attorneys' fees, costs and any other recoverable expenses.

## FIFTH CLAIM FOR RELIEF

### False Advertising, 15 U.S.C. § 1125(a) Asserted By

### Plaintiffs Against Defendant

77.     IQAir hereby repeats and realleges paragraphs 7 through 76 of the Complaint.

78.     Defendant's public false statements including that Defendant has available for sale and sells replacement filters that appear to be IQAir products when in fact Defendant does not have available for sale and does not sell genuine IQAir products, constitutes false advertising in violation of 15 U.S.C. Section 1125(a).

79.     Defendant also makes false statements in connection with its offers for sale and sales of the infringing replacement filters.  For example, Defendant has stated on its website www.hepaairdirect.com with respect to a replacement filter for the IQAir HyperHEPA, *"[w]e have improved the best.  The absolute finest HEPA filter available for your IQAir room air purifier.*" (emphasis added).  This statement is demonstrably false and misleading.  It suggests that Defendant's products emanate from IQAir when in fact they do not.  It suggests that IQAir endorses and/or sponsors Defendant's products when in fact they do not.  It suggests that Defendant's products outperform genuine IQAir filters when in fact they do not.

CHRISTIE, PARKER & HALE, LLP

80.     Defendant has also made the false statement in connection with its offer for sale and sale of a replacement filter for the IQAir HealthPro Series that *"[t]his filter is designed to outperform the HEPA filter that came with your machine."* (emphasis added).   This statement is demonstrably false and misleading.

81.     Defendant falsely represents that its replacement filter leads to a "higher air flow" and "improved airflow."   These statements are demonstrably false and misleading.

82.     Defendant falsely represents that the HEPA filters are "Direct From The Manufacturer," suggesting the replacement filters are sourced by IQAir, when in fact they are not.

83.     On information and belief, Defendant began and continued its false advertising with complete disregard of IQAir's rights and with the intent to defraud the public and trade on the goodwill that IQAir has created.

84.     IQAir has been damaged and is likely to be damaged in the future by Defendant's false advertising by reason of diversion of prospective purchasers and purchasers of IQAir products under false pretenses.

85.     Defendant has unfairly profited from the false advertising alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

86.     By reason of Defendant's false advertising alleged herein, IQAir has suffered damage to its business goodwill.

87.     By reason of Defendant's false advertising alleged herein, IQAir has suffered and will suffer irreparable harm in the future unless and until Defendant's conduct is permanently enjoined.

88.     Defendant's false advertising alleged herein was and is willful and committed in conscious disregard of IQAir's rights.

CHRISTIE, PARKER & HALE, LLP

89.     This is an exceptional case and IQAir is entitled to an award of its attorneys' fees, costs and any other recoverable expenses.

## SIXTH CLAIM FOR RELIEF

**State Statutory False Advertising Asserted By Plaintiffs Against Defendant**

90.     IQAir hereby repeats and realleges paragraphs 7 through 89 of its Complaint.

91.     The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

92.     Defendant's public false statements including that Defendant has available for sale and sells replacement filters that appear to be IQAir products when in fact Defendant does not have available for sale and does not sell IQAir products, constitutes false advertising in violation of California Business & Professions Code Section 17500 *et seq.*

93.     Defendant also makes false statements in connection with its offers for sale and sales of the infringing replacement filters.  For example, Defendant has stated on its website with respect to a replacement filter for the IQAir HyperHEPA, *"[w]e have improved the best.  The absolute finest HEPA filter available for your IQAir room air purifier."* (emphasis added).  This statement is demonstrably false and misleading, further suggests a connection with IQAir when in fact none exists and constitutes false advertising in violation of California Business & Professions Code Section 17500 *et seq.*

94.     Defendant has also made the false statement in connection with its offer for sale and sale of a replacement filter for the IQAir HealthPro Series that *"[t]his filter is designed to outperform the HEPA filter that came with your machine."* (emphasis added).   This statement is demonstrably false and misleading and constitutes false advertising in violation of California Business & Professions Code Section 17500 *et seq.*

CHRISTIE, PARKER & HALE, LLP

95.     Defendant falsely represents that its replacement filter leads to a "higher air flow" and "improved airflow."   These statements are demonstrably false and misleading.

96.     Defendant falsely represents that the HEPA filters are "Direct From The Manufacturer," suggesting the replacement filters are sourced by IQAir, when in fact they are not.

97.     On information and belief, Defendant began and continued its false advertising with complete disregard of IQAir's rights and with the intent to defraud the public and trade on the goodwill that IQAir has created.

98.     IQAir has been damaged and is likely to be damaged in the future by Defendant's false advertising by reason of diversion of prospective purchasers and purchasers of IQAir Products under false pretenses.

99.     Defendant has unfairly profited from the false advertising alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

100.   By reason of Defendant's false advertising alleged herein, IQAir has suffered damage to its business goodwill.

101.   By reason of Defendant's false advertising alleged herein, IQAir has suffered and will suffer irreparable harm in the future unless and until Defendant's conduct is permanently enjoined.

102.   Because of Defendant's acts complained of herein, IQAir has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendant has been unjustly enriched and will continue to be unjustly enriched, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

## SEVENTH CLAIM FOR RELIEF

**State Statutory Unfair Competition Asserted By Plaintiffs Against Defendant**

103.   IQAir hereby repeats and realleges paragraphs 7 through 102 of the Complaint.

104.   The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

105.   Defendant's use of IQAir's Marks in conjunction with Defendant's marketing, advertising, distribution, and sale of products as complained of herein is likely to, and is intended to, cause confusion to purchasers and potential purchasers of IQAir's products, and to unfairly compete with IQAir.

106.   By the acts complained of herein, Defendant has engaged in unfair competition as contemplated under Cal. Bus. & Prof. Code Sections 17200 *et seq*.

107.   Because of Defendant's acts complained of herein, IQAir has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendant has been unjustly enriched and will continue to be unjustly enriched, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

## EIGHTH CLAIM FOR RELIEF

**State Common Law Unfair Competition Asserted By Plaintiffs Against Defendant**

108.   IQAir hereby repeats and realleges paragraphs 7 through 107 of its Complaint.

109.   The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

110.   By its acts complained of herein, Defendant has engaged in unfair competition under the common law of the State of California.

CHRISTIE, PARKER & HALE, LLP

111.  IQAir is informed and believes, and thereon alleges that the acts of Defendant complained of herein were undertaken willfully and with the intention of causing confusion, mistake and deception.

112.  Because of Defendant's acts complained of herein, IQAir has suffered and will continue to suffer irreparable harm, and Defendant has unfairly profited and will continue to be unjustly enriched, to an extent not presently ascertained, which irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

113.  Defendant's conduct is and has been intentional, willful, malicious, oppressive, and in reckless disregard of IQAir's rights, entitling IQAir to an award of punitive damages.

## NINTH CLAIM FOR RELIEF

### Trade Dress Infringement Asserted By Plaintiffs Against Defendant

114.  IQAir hereby repeats and realleges paragraphs 7 through 113 of its Complaint.

115.  The V5-Cell Visual Appearance is recognizable to the purchasing public and identifies and distinguishes products featuring the V5-Cell Visual Appearance as a product of IQAir.

116.  The V5-Cell Visual Appearance constitutes legally protectable trade dress.

117.  Defendant's marketing, advertising, distribution, and sale of the infringing V5-Cell air filters is likely to confuse, cause mistake, and deceive the purchasing public as to the source and sponsorship of IQAir's V5-Cell air filters and/or Defendant's infringing V5-Cell air filters.

118.  IQAir is informed and believes, and thereon alleges that Defendant's marketing, advertising, distribution, and sale of the infringing V5-Cell air filters is intended by Defendant to confuse, cause mistake, and deceive the purchasing

CHRISTIE, PARKER & HALE, LLP

public as to the source and sponsorship of IQAir's V5-Cell air filters and/or Defendant's infringing V5-Cell air filters.

119.   By its aforesaid acts, Defendant has infringed IQAir's rights in its trade dress, in violation of 15 U.S.C. Section 1125(a).

120.   Because of Defendant's acts complained of herein, IQAir has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendant has been unjustly enriched and will continue to be unjustly enriched, to an extent not presently ascertained, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

121.   The circumstances of this case warrant an enhancement of damages and/or profits awarded to IQAir, to the maximum extent permitted by law.

122.   This is an exceptional case and IQAir is entitled to an award of its attorneys' fees.

## **PRAYER**

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

1.   For a temporary and permanent injunction prohibiting Defendant from further falsely advertising or infringing IQAir's Marks and trade dress pursuant to at least 15 U.S.C. Sections 1116 and 1125 Cal. Bus. & Prof. Code Sections 14340, 17200 *et seq.* and 17500 *et seq.*, and requiring Defendant to deliver up to IQAir for destruction any and all products that have been purchased or sold in conjunction with Defendant's use or infringement of IQAir's Marks or trade dress and that are in Defendant's possession, custody or control, along with any tooling or other items of manufacture, the sole purpose of which is to manufacture such infringing products, as well as any promotional literature and packaging which displays or promotes such infringing products, pursuant to 15 U.S.C. Section 1118 and Cal. Bus. & Prof. Code Sections 14340, 17200 *et seq.* and 17500 *et seq.*; and from using any infringing mark, trade dress, and false

CHRISTIE, PARKER & HALE, LLP

advertising on any social media site and/or website owned, maintained or controlled by or for the benefit of Defendant, or by any agent of Defendant, including but not limited to the website www.hepaairdirect.com.

2.     For an accounting by Defendant, actual damages sustained by Plaintiffs and all profits realized by Defendant by reason of its infringement of IQAir's Marks, and that such damages and/or profits be trebled and/or enhanced to the maximum amount provided by law, all as pursuant to 15 U.S.C. Section 1117(a) and Cal. Bus. & Prof. Code Section 14340;

3.     For corrective advertising;

4.     For disgorgement of profits and restitution;

5.     For punitive damages under California common law;

6.     For prejudgment interest on all damages pursuant to 15 U.S.C. Section 1117(b), under California law, and any other applicable basis.

7.     For all of Plaintiffs' costs and expenses of this Action, including attorneys' fees; and

8.     For such other or further relief as the Court may deem just and proper.


DATED:  October 3, 2014              Respectfully submitted,

                                     CHRISTIE, PARKER & HALE, LLP


                                     By___/s/G. Warren Bleeker_____
                                        Gary J. Nelson
                                        G. Warren Bleeker

                                        Attorneys for Plaintiffs
                                        IQAIR NORTH AMERICA, INC. and
                                        ICLEEN ENTWICKLUNGS- UND
                                        VERTRIEBSANSTALT FÜR
                                        UMWELTPRODUKTE

CHRISTIE, PARKER & HALE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Plaintiffs IQAir North America, Inc. and Icleen Entwicklungs- und Vertriebsanstalt für Umweltprodukte, a Liechtenstein corporation pursuant to Federal Rule of Civil Procedure 38, hereby demand a trial by jury of all issues so triable.

DATED:  October 3, 2014             Respectfully submitted,

                                    CHRISTIE, PARKER & HALE, LLP


                                    By___/s/G. Warren Bleeker_____
                                       Gary J. Nelson
                                       G. Warren Bleeker

                                    Attorneys for Plaintiffs
                                    IQAIR NORTH AMERICA, INC. and
                                    ICLEEN ENTWICKLUNGS- UND
                                    VERTRIEBSANSTALT FÜR
                                    UMWELTPRODUKTE

SCL PAS1306951.4-*-10/3/14 11:40 AM

# EXHIBIT A

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31 and 34

Reg. No. 2,434,741

## United States Patent and Trademark Office

Registered Mar. 13, 2001

### TRADEMARK
### PRINCIPAL REGISTER

## HYPERHEPA

CLINIX GMBH (SWITZERLAND CORPORA-
TION)
INDUSTRIESTRASSE 36
RORSCHACH, SWITZERLAND 09400

FOR: AIR PURIFYING UNITS AND AIR FILTERS
FOR DOMESTIC, COMMERCIAL, MEDICAL AND
INDUSTRIAL APPLICATIONS; AIR FILTERS FOR

AIR CONDITIONING UNITS, IN CLASS 11 (U.S.
CLS. 13, 21, 23, 31 AND 34).

FIRST USE 5-23-1999; IN COMMERCE 8-6-1999.

SER. NO. 75-755,286, FILED 8-13-1999.

MATTHEW PAPPAS, EXAMINING ATTORNEY

EXHIBIT _A_
PAGE _22_

# EXHIBIT B

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31 and 34

United States Patent and Trademark Office

Reg. No. 2,481,422
Registered Aug. 28, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## HEALTHPRO

CLINIX GMBH (SWITZERLAND CORPORA-TION)
INDUSTRIESTRASSE 36
RORSCHACH, SWITZERLAND 09400

FOR: AIR PURIFYING UNITS AND AIR FILTERS FOR DOMESTIC, COMMERCIAL, MEDICAL AND INDUSTRIAL APPLICATIONS; AIR FILTERS FOR

AIR CONDITIONING UNITS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 1-22-1999; IN COMMERCE 1-22-1999.

SER. NO. 75-755,323, FILED 8-16-1999.

MATTHEW PAPPAS, EXAMINING ATTORNEY

EXHIBIT B
PAGE 23

# EXHIBIT C

Int. Cls.: 9 and 11

Prior U.S. Cls.: 13, 21, 23, 26, 31, 34, 36 and 38

Reg. No. 3,343,313

**United States Patent and Trademark Office**   Registered Nov. 27, 2007

**TRADEMARK**
**PRINCIPAL REGISTER**

# IQAIR

CLINIX GMBH (SWITZERLAND CORPORA-
TION)
INDUSTRIESTRASSE 36
9400 RORSCHACH, SWITZERLAND

FOR: MEASURING AND ANALYZING INSTRU-
MENTS, NAMELY, ELECTRONIC OR COMPUTER-
IZED MEASURING AND ANALYZING
INSTRUMENTS FOR GASES, PARTICLES OR LI-
QUID AIRBORNE POLLUTANTS IN AIR, IN CLASS
9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-1-1996; IN COMMERCE 3-18-1996.

FOR: AIR PURIFYING UNITS AND AIR FILTERS
FOR COMMERCIAL, DOMESTIC, MEDICAL AND
INDUSTRIAL APPLICATIONS, IN CLASS 11 (U.S.
CLS. 13, 21, 23, 31 AND 34).

FIRST USE 3-1-1996; IN COMMERCE 3-18-1996.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,364,111.

SER. NO. 77-127,869, FILED 3-11-2007.

ALLISON HOLTZ, EXAMINING ATTORNEY

EXHIBIT C
PAGE 24